IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | | |
|---|---|---|
| SYLVESTER J. VAUGHNS, JR., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil No. **PJM 72-325** |
| | ) | |
| BOARD OF EDUCATION OF PRINCE GEORGE'S COUNTY, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil No. **PJM 81-2597** |
| | ) | |
| BOARD OF EDUCATION OF PRINCE GEORGE'S COUNTY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**STATUS REPORT ON COMPLETION OF ITEMS REQUIRED BY THE MEMORANDUM OF UNDERSTANDING AND COMPREHENSIVE PLAN UNDER REVISED ATTACHMENT A TO THE COURT'S DECEMBER 30, 2002, ORDER, AND MOTION TO ALLOW THE PARTIES TO PROCEED UNDER PROTOCOL DOCUMENT FOR COMPLETION OF ALL REMAINING PERFORMANCE OBLIGATIONS**

COME NOW the Parties to the above-referenced litigation and hereby provide this Court with a Status Report on Completion of Items Required by the Memorandum of Understanding and Comprehensive Plan under Revised Attachment A to the Court's December 30, 2002, Order,

and Motion to Allow the Parties to Proceed Under Protocol Document for Completion of all Remaining Performance Obligations, and as reasons, therefore, state as follows:

1. On December 30, 2002, this Court entered an Order approving the Parties Joint Motion to Substitute Revised Attachment A for Original Attachment A to the Court's June 25, 2002, Final Order Declaring Unitary Status.

2. As of the date of the filing of this Status Report and Motion, the Board of Education of Prince George's County has completed all Performance Obligations under Revised Attachment A, with several exceptions. The first exceptions are paragraphs 4 and 12, which provide:

> No. 4. Each school is to have a documented implementation of research-based requirements supporting federal and State standards.
>
> No. 12. Each racially non-diverse school is to develop and implement research-based educational interventions supported by the compensatory resources.

3. As to the completion of Performance Obligation Nos. 4 and 12 of Revised Attachment A, the Parties request that the Court allow them to complete these Performance Obligations under the terms of the agreed upon Protocol for Consultation with NAACP on Development of Research-Based Educational Interventions in Racially Non-Diverse Schools. (Exhibit No. 1.)

4. The agreed upon Protocol Document summarizes the process to be followed by the Prince George's County Public Schools, pursuant to Performance Obligation No. 13 of Revised Attachment A, for providing information to the NAACP on the implementation of research-based educational interventions for school years 2002-2003, and 2003-2004.

5. Performance Obligation 11(e) of Revised Attachment A required the Board of Education to adopt changes, if appropriate, to the Magnet Program.

6. Because of lack of community consensus on the final plan for restructuring of magnet programs, budgetary constraints and the new change in the administration of the Prince George's County Public Schools, with the hiring of a new Chief Executive Officer, André J. Hornsby, Ed.D., the Board of Education of Prince George's County has not been able to adopt final changes for restructuring of its magnet program by the June 30, 2003, deadline.

7. Accordingly, the Parties, through the Protocol Document, have agreed upon the final process to be followed by the Board to complete its task of adopting final restructuring changes to its Magnet program. The Protocol requires, among other things, the development of a new Magnet Restructuring Task Force to be created by the Board and new Chief Executive Officer by June 30, 2003, and allows the Board to have appropriate consultation with the NAACP on restructuring issues. The Protocol requires final recommendations from the new Task Force to be provided to the Board no later than December 11, 2003. The Board of Education will make its final decision on the restructuring of its Magnet Program by January 30, 2004. (See, Exhibit No. 1.)

8. The Parties agree that this Protocol will be implemented and followed, and the Parties have agreed to operate under the terms of this Protocol without requiring supervision or oversight of the Court, nor participation by the Court-appointed Monitor, unless a party fails to fulfill its obligations.

WHEREFORE, for the aforegoing reasons, the Parties jointly request that this Court enter an Order allowing the Parties to proceed under the agreed upon Protocol for Consultation with NAACP on Development of Research-Based Educational Interventions in Racially Non-Diverse

Schools and for Completion of Performance Obligation No. 11(e) for Magnet Restructuring in order to complete all remaining Performance Obligations under Revised Attachment A.

Respectfully submitted,

_____
Andrew W. Nussbaum
Bar No.:  00959

_____
Roger C. Thomas
Bar No.:  08762
Attorneys for Defendant,
Board of Education of Prince
George's County
Knight, Manzi, Nussbaum & LaPlaca
14440 Old Mill Road
Upper Marlboro, MD 20772

_____
Patricia A. Brannan, Esquire
Attorney for Plaintiff,
National Association for the Advancement
 of Colored People
HOGAN & HARTSON
Columbia Square
13th Floor West
555 Thirteenth Street, N.W.
Washington, D. C. 20004-1109

_____
Jay H. Creech, Esquire
Deputy County Attorney
Office of Law, Room 5121
County Administration Building
Upper Marlboro, MD 20772

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION**

| | |
|---|---|
| **SYLVESTER J. VAUGHNS, JR., et al.,**     )<br>                                                                  )<br>        **Plaintiffs,**                                   )<br>                                                                  )<br>        v.                                                        )<br>                                                                  )<br>**BOARD OF EDUCATION OF PRINCE**    )<br>**GEORGE'S COUNTY, et al.,**                )<br>                                                                  )<br>        **Defendants.**                                )<br>_____) | **Civil No. PJM 72-325** |
| **NATIONAL ASSOCIATION FOR THE**     )<br>**ADVANCEMENT OF COLORED**             )<br>**PEOPLE, et al.,**                                    )<br>                                                                  )<br>        **Plaintiffs,**                                   )<br>                                                                  )<br>        v.                                                        )<br>                                                                  )<br>**BOARD OF EDUCATION OF PRINCE**    )<br>**GEORGE'S COUNTY, et al.,**                )<br>                                                                  )<br>        **Defendants.**                                ) | **Civil No. PJM 81-2597** |

**ORDER**

Upon consideration of the Status Report on Completion of Items Required by the Memorandum of Understanding and Comprehensive Plan Under Revised Attachment A to the Court's December 30, 2002, Order, and Motion to Allow Parties to Proceed Under Protocol Document for Completion of all Remaining Performance Obligations, it is this _____ day of _____, 2003, by the United States District Court for the District of Maryland,

2

**ORDERED** that the Parties' Motion to Allow the Parties to Proceed Under Protocol Document for Completion of all Remaining Performance Obligations is hereby **GRANTED**.

_____
Judge

cc:

Andrew W. Nussbaum, Esquire
Roger C. Thomas, Esquire
Board of Education of Prince George's County
Knight, Manzi, Nussbaum & LaPlaca
14440 Old Mill Road
Upper Marlboro, MD 20772


Patricia A. Brannan, Esquire
HOGAN & HARTSON
Columbia Square
13th Floor West
555 Thirteenth Street, N.W.
Washington, D. C. 20004-1109


Jay H. Creech, Esquire
Deputy County Attorney
Office of Law, Room 5121
County Administration Building
Upper Marlboro, MD 20772

2