**PROTOCOL FOR CONSULTATION WITH NAACP ON DEVELOPMENT OF RESEARCH-BASED EDUCATIONAL INTERVENTIONS IN RACIALLY NON-DIVERSE SCHOOLS AND COMPLETION OF PERFORMANCE OBLIGATION NO. 11 FOR MAGNET PROGRAM RESTRUCTURING**

**I.      Background**

On June 25, 2002, the Honorable Peter J. Messitte, United States District Court Judge, entered a Final Order declaring that the Prince George's County Public School System had attained unitary status effective July 1, 2002.  The Court retained jurisdiction over the desegregation litigation "solely for the purpose of enforcing completion of the items set forth in Attachment A" to its Order.  On or about December 30, 2002, the Court entered an Order approving the Parties' Joint Motion to Substitute Revised Attachment A for Original Attachment A to the Court's June 25, 2002, Final Order Declaring Unitary Status.  Performance Obligation No. 13 of the Revised Attachment A requires the District to "develop a process for consultation with the Plaintiffs on development of research-based educational interventions in racially non-diverse schools.  [MOU 5; CP 19, 34]"  In addition, under Performance Obligation No. 4 each racially non-diverse school is to have a documented implementation of research-based requirements supporting Federal and State standards.  [CP 4, 29]  Finally, Performance Obligation No. 11(e) requires the Board of Education of Prince George's County to adopt changes, if appropriate, to the Magnet Program by June 30, 2003.

The Board of Education of Prince George's County and the Prince George's County Branch of the National Association for the Advancement of Colored People (hereinafter "NAACP") hereby agree to the following protocol for consultation with the NAACP for completion of the aforementioned Performance Obligation items under Revised Attachment A. The Parties agree that this Protocol shall be implemented and followed, and the Parties agree to operate under the terms of this Protocol without requiring supervision or oversight of the Court, nor participation by the Court-Appointed Monitor. In the event that any Party fails to comply with the agreed upon Protocol or fails to fulfill any remaining obligation(s) under the Protocol, within the time agreed, then any Party may request intervention by the Court or Court-Appointed Monitor, including a request for the Monitor to attend any scheduled meeting. The Parties agree that this Protocol shall govern the process for completion of any and all Performance Obligations remaining to be completed under the Memorandum of Understanding and shall supercede the Revised Attachment A document approved by the Court on December 30, 2002.

**II.** **Protocol**

    A.    The Prince George's County Public Schools has developed and will continue to develop research-based educational interventions supported by compensatory resources for racially non-diverse schools. During the District's continuing development and implementation of educational intervention programs, the Board of Education of Prince George's County is committed to ensuring that appropriate information is shared with the NAACP and the community about educational

      intervention programs and their effectiveness toward achieving improvement in student academic performance, and to ensure that feedback and input is received from the NAACP and community members.

B.    In order to provide factual information to support consultation, the Prince George's County Public Schools shall provide a written annual report to the NAACP that documents implementation of research-based educational interventions in racially non-diverse schools for school years 2002-2003 and 2003-2004.

C.    A draft of the annual report shall be completed by the Chief Executive Officer, Chief Accountability Officer and Chief Academic Officer within thirty days after the school system's receipt of Maryland School Assessment test scores for the 2002-2003 and 2003-2004 school years.

D.    The draft report shall include a summary of research-based educational interventions used by the District in racially non-diverse schools and shall be prepared in accordance with the State model for requirements of such reports. The report will include, but may not be limited to, anticipated goals and objectives for improvement of student academic achievement, summary of supports and services implemented at racially non-diverse schools, progress in implementation of programs and interventions towards meeting goals and objectives, and

      recommendations for future steps to be taken for implementation of programs to improve student academic performance.

E.     The draft report shall also provide data analysis summarizing the implementation of the programs' impact on student achievement.

F.     The NAACP shall provide written comments to the District on the draft report within thirty days of receipt of the draft report. A meeting may be held with the NAACP, upon request, to discuss the draft report. Within thirty (30) days after receipt of comments from the NAACP, the District shall issue its final report for release to stakeholders and the public. Annual meetings will be scheduled with school administration to discuss the reports and the District's continuing development and implementation of research-based educational interventions in racially non-diverse schools.

G.     The NAACP shall assist the District in keeping the community advised of the status of research-based educational interventions and may hold public hearings/forums, with the assistance of school administrative staff, to ensure that community input is received and considered by the District. The NAACP shall also maintain copies of the written annual reports in its local County offices for review and inspection by the public.

H. Performance Obligation Number 11(e) requires the Board of Education of Prince George's County to adopt changes, if appropriate, to the magnet program. In order to accomplish this task, the Chief Executive Officer for the Prince George's County Public Schools shall create a new Magnet Restructuring Task Force consisting of administrative staff and representative stakeholders that will complete the review of the magnet programs of the Prince George's County Public Schools for the purpose of offering recommendations regarding the future of the programs, consistent with requirements outlined in the Memorandum of Understanding and State and Federal requirements under the No Child Left Behind Act. The new Magnet Restructuring Task Force shall be created by June 30, 2003.

I. As part of the restructuring and review of magnet programs anticipated for the 2004-2005, school year, the new Magnet Task Force will continue its evaluation of programs using criteria mandated by the No Child Left Behind Act. Program evaluations will be based on adequate yearly progress measures required under the Act.

J. A designated liaison from the NAACP shall be made available to coordinate with the new Magnet Restructuring Task Force that will complete the school system's evaluation of all magnet programs and establish magnet boundaries for all magnet

schools that will result in new magnet students being assigned to the requested magnet program closest to their place of residence.

K. The NAACP, through its designated Magnet Restructuring Task Force liaison, or other official designee, shall provide comments and feedback to the new Magnet Restructuring Task Force during its review process of magnet programs. The NAACP may also request opportunities to meet directly with the Chief Executive Officer and/or Board Chairman for the purpose of providing consultation and input on the work of the Task Force.

L. The NAACP shall assist the District in keeping the community advised of the status of the planning phases for restructuring of the magnet programs. The NAACP may hold public hearings/forums, with the assistance of school administrative staff, to ensure that community input is received and considered by the District.

M. The final recommendations of the new Magnet Restructuring Task Force shall be provided to the Board of Education of Prince George's County no later than December 16, 2003. The Board of Education of Prince George's County shall make its final decision on revisions and restructuring of magnet programs by January 30, 2004.

## III. Duration of Protocol Agreement

The Parties, Board of Education of Prince George's County, NAACP, and Prince George's County, Maryland, agree that this Protocol shall remain in effect as to Performance Obligation Item Nos. 4 and 13 through the 2003-2004, school year, and, as to Performance Obligation 11(e), the Protocol shall remain in effect through the date upon which the Board of Education adopts and approves final restructuring or changes for the magnet programs to be implemented for the 2004-2005 school year.

_____          _____
Date                                        Board of Education of Prince George's County


_____          _____
Date                                        Prince George's County Branch of the National Association for the Advancement of Colored People


_____          _____
Date                                        Prince George's County, Maryland